# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HAMED,<br>      Plaintiff,<br><br>vs.<br><br>HORACE MANN INSURANCE COMPANY,<br>      Defendant. | Civil Action No. 08-00133<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter is before the Court on a Motion to Remand [8], filed by Plaintiff John Hamed on January 29, 2008.

On January 3, 2008, Plaintiff filed a Complaint against Defendant Horace Mann Insurance Company in the Court of Common Pleas, Lawrence County, Pennsylvania, at Case No. 10010-08, arising out of a car accident involving Plaintiff and a third party and setting forth one count against Defendant: bad faith. On January 30, 2008, Defendant filed a Notice of Removal, asserting diversity of citizenship between the parties and an amount in controversy exceeding $75,000. The instant motion followed.

In his motion, Plaintiff requests an order from the Court remanding the instant action pursuant to 28 U.S.C. § 1441(e)(6), *forum non conveniens*. Specifically, Plaintiff asserts he suffers from "multiple medical conditions" and that he "will endure undue difficulty if required to travel to and from federal district court to litigate this case as a party." (Docket No. 8 at ¶¶5, 7). Moreover, Plaintiff contends, Defendant "will not encounter any more burden in defending this action in Lawrence County than in federal court." (Docket No. 8 at ¶8). In response, Defendant argues that *forum non conveniens* does not provide authority to remand. (Docket No. 9 at 1-2). The Court agrees.

"When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992). Here, Defendant has met its burden insofar as it has established jurisdiction under 28 U.S.C. § 1332, which Plaintiff does not dispute. Further, section 1447, entitled "Procedure after removal," provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Here, Plaintiff fails to point to any defect in removal.

On the contrary, Plaintiff requests remand solely based on *forum non conveniens*. Section 1441(e)(6) provides: "Nothing in this subsection shall restrict the authority of the district court to transfer or dismiss an action on the ground of inconvenient forum." 28 U.S.C. § 1441(e)(6). The plain face of § 1441 provides grounds for transfer or dismissal of an action as opposed to remand based on an inconvenient forum. While the Court does not foreclose the notion of considering the convenience of the forum in addressing a motion to remand, Plaintiff has failed to cite to a single case supporting his theory of remand, i.e., because the state forum is more convenient for Plaintiff based on medical considerations.[1] Further, from a broader perspective, "the common law doctrine of *forum non conveniens* now serves a limited purpose, and is generally employed by a District Court to dismiss a case when the more convenient forum is in a foreign country." *Bany v. Health Devices Corp.*, Civil Action No. 06-1315, 2007 WL 2153285, at *2 (W.D. Pa. July 23, 2007) (citing *Toll*

---

[1] Moreover, considering that the instant matter is in its infancy and that discovery has yet to commence, the Court fails to see why Plaintiff himself as opposed to counsel for the Plaintiff would be required "to travel to and from federal district court to litigate this case as a party." Nonetheless, to the extent that Plaintiff himself intends to participate in the initial proceedings such as the case management conference, which he certainly may do, the Court will attempt to accommodate him accordingly, for example, by conducting the same by telephone.

*Bros., Inc. v. Nationwide Property & Casualty Ins. Co.*, No. 05-1191, 2005 WL 2600207, at *2 n.1 (E.D. Pa. Oct. 13, 2005) ("Since the enactment of Section 1404 and section 1406 (transfer or dismissal for improper venue) in 1948, the doctrine of forum non conveniens has served a limited purpose: the doctrine now merely allows a district court to dismiss a case when the more convenient forum is in a foreign country"). *But see Brice v. C.R. England, Inc.*, 278 F.Supp.2d 487 (E.D. Pa. 2003) (dismissing action on grounds of forum non conveniens in favor of state court action).

Accordingly, considering that the Court possesses jurisdiction over the instant matter, a point left unchallenged by Plaintiff, the Court DENIES Plaintiff's Motion to Remand [8].

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   March 31, 2008.

cc/ecf:  All counsel of record.